Michael R. Rochelle
State Bar No.17126700
Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

*Proposed Counsel to Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXANS CUSO INSURANCE GROUP, LLC, | § § § | CASE NO. 09-35981-11 |
| | § | |
| Debtor. | § § | |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF ROCHELLE McCULLOUGH LLP AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NOW COMES,** Texans CUSO Insurance Group, LLC ("Texans Insurance Group" or "Debtor"), and files this its Application for Order Authorizing the Employment of Rochelle McCullough, LLP as Counsel for Debtors and Debtors in Possession (the "Application") pursuant to 11 U.S.C. § 327(e). In support of the Application, the Debtor respectfully represents the following:

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.
# FACTUAL BACKGROUND[1]

### A. The Debtor's Chapter 11 Filing and Business Generally.

2. On September 5, 2009 (the "Petition Date") Texans Insurance Group commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By virtue of the provisions of the Bankruptcy Code, as a debtor in possession, the Debtor has the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtor is serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

3. Texans Insurance Group is one of the largest independent insurance agencies in the United States. Texans Insurance Group specializes in providing property and casualty insurance, employee benefits, and risk management services to small and large commercial businesses located throughout the United States.

---

[1] The Herter Declaration contains a more extensive statement of background facts (including a detailed account of the various financial difficulties that led to the filing of this Chapter 11 case), and provides support for the factual matters discussed herein.

**APPLICATION FOR ORDER AUTHORIZING**
**EMPLOYMENT OF ROCHELLE MCCULLOUGH, LLP**
**AS COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION—Page 2**

4. Texans Insurance Group represents prestigious nationally recognized insurance carriers, including, Aegis, AIG, America First, Chubb, Drive by Progressive, Encompass, Fireman's Fund, Foremost, The Hartford, National Lloyds, MetLife, Republic, Safeco, and St. Paul Travelers.

5. Texans Insurance Group has over forty employees. In addition, through two divisions—Heartland Marketing Group ("HMG") and Heartland Specialty Insurance ("HSI")—Texans Insurance Group has an extensive network of over eight hundred independent agents that write policies utilizing Texans Insurance Group's direct appointments through "agent" or "producer" agreements with HMG or HSI.

**B.     Factors Leading to Chapter 11 Filing**

   **1.     Soft Insurance Market**

6. Texans Insurance Group has been directly and adversely affected by the general economic downturn.

7. Most insurance experts agree that the insurance industry is currently in a "soft market." A "soft market" is characterized as a market in which insurance companies are likely to offer coverage improvements and/or reduced premiums in order to write new business and maintain existing business.

8. The current "soft market" has been prolonged due to the recession. This is true because as companies downsize, the demand for insurance declines because there is less to insure.

9. Texans Insurance Group's financial results are directly tied to premium dollars generated. The decline in premiums combined with the overall decline in

demand for insurance due to the recession has directly and adversely effected Texans Insurance Group's financial performance.

10. Further, Texans Insurance Group has been acutely affected as a result of the dramatic downturn in one of its former specialty areas—the construction industry. Several of Texans Insurance Group's construction clients have gone out of business. At a risk of stating the obvious, the complete loss of a client, or group of clients, has an acute adverse effect on Texans Insurance Group's financial results.

11. While Texans Insurance Group has taken positive steps to realign its customer and product mix to adjust to the prolonged "soft market" and recession, these actions alone have been insufficient to remedy the problems.

### 2. Texans Insurance Group's Litigation Arising From the ARAPA

12. The soft insurance market and prolonged recession have not been the only problems facing Texans Insurance Group.

13. In January 2007, Texans Insurance Group entered into a certain Amended and Restated Asset Sale and Purchase Agreement (the "ARAPA") in which it purchased the assets of the Curley Insurance Group, LLC and related entities from their owner Kevin Curley (collectively the "Curley Insurance Group").

14. At the time of its entry into the ARAPA, Texans Insurance Group believed it was purchasing an enterprise with viable circumstances and prospects. Accordingly, Texans Insurance Group based its purchase price on the representations of the sellers regarding the business it was purchasing.

15. Unfortunately, the circumstances and prospects have not, in fact, been as valuable or stable as represented to Texans Insurance Group in the ARAPA.

16. Moreover, Texans Insurance Group's purchase of the Curley Insurance Group has spawned extensive litigation in multiple forums. This litigation has been a significant drain and distraction to Texans Insurance Group's operations.

17. The litigation is still on-going and far from being resolved.

18. Therefore, in order to preserve its going concern value and maximize value for its creditors, Texans Insurance Group has filed its Chapter 11 case to preserve its business, enhance its value, and finalize its restructuring efforts.

19. No creditors' committee has yet been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

### III.
### RELIEF REQUESTED

20. By this Application, the Debtor seeks to employ and retain Rochelle McCullough, LLP ("RM LLP") as its counsel, effective as of the Petition Date, in connection with various matters, including the Debtor's commencement and prosecution of its Chapter 11 case. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor requests that the Court approve the employment of RM LLP as its counsel to perform the legal services that will be necessary during this Chapter 11 case.

21. The Debtor has selected RM LLP as its counsel because of the Firm's extensive experience in bankruptcy and reorganization matters. The Debtor believes that RM LLP and its attorneys are fully qualified to deal effectively and efficiently with any and all potential legal issues and problems that may arise in the context of the Debtor's chapter 11 case.

22. The employment of RM LLP is appropriate and necessary to enable the Debtor to execute faithfully its duties as a debtor and debtor in possession. Subject to further order of this Court, it is proposed that RM LLP be employed to:

(a) take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(b) prepare on behalf of the Debtor, all necessary motions, applications, answers, orders, reports and papers in connection with the administration and prosecution of the Debtor's Chapter 11 case;

(c) assist the Debtor in connection with any proposed sale of assets pursuant to Bankruptcy Code Section 363;

(d) advise the Debtor in respect of certain securities matters that impact or arise in connection with the administration of its Chapter 11 case, but not as general securities counsel; and

(e) perform all other legal services in connection with the Chapter 11 case that are reasonable or necessary to achieve the purposes and duties of a Chapter 11 debtor.

23. It is necessary that the Debtor employ counsel to render the foregoing professional services. RM LLP has stated its desire and willingness to act as counsel in the Chapter 11 case and render the necessary professional services as attorneys for the Debtor. RM LLP has the appropriate experience and expertise needed to represent the Debtor and represents no known entity having an adverse interest in connection with the

bankruptcy case. The Debtor believes that RM LLP's retention by the Debtor under 11 U.S.C. § 327(a) is proper and appropriate. To the best of the Debtor's knowledge, no reason for denial of employment of RM LLP exists.

24. RM LLP was retained by the Debtor effective August 5, 2009, to assist the Debtor in preparing to file its voluntary bankruptcy petition. To cover the costs and expenses of preparing the documents related to this bankruptcy case, the Debtor paid $150,000.00 in the form of an evergreen retainer to RM LLP. The fees and expenses generated by RM LLP pre-petition totaled $92,292.57 and have been paid from the retainer prior to the filing of the Petition. After final adjustment, the remaining retainer amount will be held as security against post-petition fees and expenses, as approved by orders of the Court.

25. Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to RM LLP on an hourly basis, plus reimbursement of actual, necessary expenses incurred by RM LLP. A schedule of the current hourly rates being charged for paralegals and attorneys of RM LLP is attached to this Application as Exhibit A and is incorporated herein by this reference. RM LLP's resume is attached as Exhibit B.

26. It is in the best interest of the Debtor and the Debtor's estate that RM LLP be retained as bankruptcy counsel. The Debtor is satisfied from the Declaration of Scott M. DeWolf, attached hereto as Exhibit C, that RM LLP represents no known entity having an adverse interest to the estate or unsecured creditors in this case and is otherwise disinterested.

27.  The Debtor has not previously made application for the relief requested herein in to this or any other Court.

## IV.
## REQUEST FOR IMMEDIATE INTERIM RELIEF

28.  New Federal Rule of Bankruptcy Procedure 6003, which became effective on December 1, 2007, generally precludes the Court from authorizing certain relief until 20 days after the petition is filed, except to the extent necessary to prevent "immediate and irreparable harm." Specifically, Rule 6003 provides:

> Except as to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following:
>
> (a)  an application under Rule 2014;
>
> (b)  a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; and
>
> (c)  a motion to assume, assign, or reject an executory contract or unexpired lease in accordance with § 365.

29.  The Debtor believes that the relief sought in this Application is critical to achieving a smooth transition to operation as a Chapter 11 debtor and will help preserve its going concern value. Accordingly, the Debtor seeks first day approval of the employment and retention of Rochelle McCullough, LLP as general bankruptcy counsel for the Debtor, with a final hearing to be set as soon as practicable. Notably, at least one court which has reviewed similar requests for relief under new Rule 6003 has determined that such interim relief is appropriate. *First NLC Fin. Svcs., L.L.C.*, 382 B.R. 547 (S.D. Fl. 2008).

30. The relief sought herein is essential to the Debtor's reorganization and without such relief, the Debtor will suffer immediate and irreparable harm. The Debtor seeks the relief requested in this Application because RM LLP's services are needed immediately and without such services, the Debtor's estate would suffer irreparable harm. As discussed above, RM LLP is uniquely familiar with the Debtor and the matters for which it has been hired by the Debtor. Without RM LLP's contributions, the Debtor's interests will suffer while replacements are located and then educated regarding their tasks and duties. Furthermore, RM LLP may very well decide against providing services to the Debtors if the Application is not granted on an interim basis because Court approval of employment under 11 U.S.C. § 327 is a prerequisite to the approval of compensation under 11 U.S.C. § 330. The Debtor faces the risk that their operations may be severely impaired if authority is not granted immediately.

31. In light of the foregoing, the Debtor respectfully submits that the relief requested is essential for the Debtor's reorganization, represents an exercise of the Debtor's sound business judgment, is in the best interests of the Debtor's estates and creditors, and is necessary to prevent immediate and irreparable harm to their estates.

## V.
## REQUEST FOR INTERIM APPROVAL

32. The Debtor hereby respectfully requests that the Application be granted on an interim basis and thereafter, after notice and an opportunity for objection, on a final basis.

## VI.
## NOTICE

33. As of the date hereof, no trustee, examiner or statutory creditors' committee has been appointed in the Bankruptcy Case. Notice of this Application has been provided to: (a) the U.S. Trustee; (b) all of the Debtor's secured lenders; (c) the twenty largest unsecured creditors of the Debtor; (d) the Internal Revenue Service and other governmental agencies required to receive notice under the Federal Rules of Bankruptcy Procedure or the Local Rules of this Court; and (e) those persons (if any) who have formally appeared and requested notice in this case to date. The Debtor submits that no further notice need be provided under the circumstances involved.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Application for Order Authorizing the Employment of Rochelle McCullough, LLP as Counsel for the Debtor and Debtor in Possession, effective as of the Petition Dates, as set forth above and granting such other relief as is just and proper. A proposed order granting the relief requested is attached hereto as Exhibit D.

Dated: September 5, 2009.

Respectfully submitted,

Texans CUSO Insurance Group, LLC

By: *Claude Feher*

Its: *Vice President*