# **EXHIBIT C**

Michael R. Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

*Proposed Counsel to Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXANS CUSO INSURANCE GROUP, LLC, | § § § | CASE NO. 09-35981-11 |
| | § | |
| Debtor. | § § | |

### DECLARATION OF SCOTT M. DEWOLF

I, SCOTT M. DEWOLF, declare:

1. I am an attorney duly admitted and qualified to practice law before this Court.

2. I am a partner of the law firm of Rochelle McCullough, LLP (the "Firm").

3. Texans CUSO Insurance Group, LLC ("Debtor") is the debtor in the above-referenced chapter 11 case (the "Case"). The Debtor seeks to employ the Firm as their general bankruptcy counsel by the application to which this declaration is attached. The Firm, its partners, associates and paralegals are experienced in matters of bankruptcy, insolvency, corporate reorganization and debtor/creditor law, and in the representation of debtors, creditors, creditors' committees, and trustees in cases, proceedings, and matters under the Bankruptcy

Code and are well-qualified to represent debtors, creditors, creditors' committees, and trustees in such cases, proceedings, and matters.

4. Attached to the Application as Exhibit A and incorporated herein by this reference is a summary of the present hourly billing rates for attorneys and paralegals of the Firm ordinarily charged to clients of the Firm. These billing rates are adjusted from time to time and clients are charged for services rendered at the billing rates in effect at the time such services are provided. A resume of the Firm is attached to the Application as Exhibit B.

5. To the best of my knowledge, neither I, the Firm, nor any of its partners, associates or employees hold or represent any interest adverse to the interests of the estates in connection with the Case. To the best of my knowledge, this Firm is a "disinterested person" as that term is defined by the Bankruptcy Code. I have read the foregoing application and to the best of my knowledge all the facts stated therein are true and correct.

6. Neither I, the Firm, nor its members or associates have any pre-petition claims against the Debtors or their Estates.

7. The Firm has no connection with the Office of the United States Trustee or its employees.

8. To the best of my knowledge, the Firm does not represent any other entity having an adverse interest in connection with the Case.

9. The Firm desires to be employed to assist and to represent the Debtor with reasonable fees to be determined by the Court. The Firm will continue to search its connections with the Debtor, the Estate, its creditors, or other parties in interest in the Case, and pursuant to Bankruptcy Rule 2014, the Firm will provide the Court with any supplemental information regarding the Firm's connections with the Debtor, the Estate, or any other party-in-interest in the

Cases as that information becomes available. A copy of our Firm's engagement letter with the Debtors is attached hereto as Exhibit 1.

10. I am familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee, and shall comply with them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 5, 2009

_____
Scott M. DeWolf



ROCHELLE & McCULLOUGH, L.L.P.

325 N. Saint Paul Street
Suite 4500
Dallas, Texas 75201
Phone (214) 953-0182
Fax (214) 953-0185

August 24, 2009

Writer's Direct Dial:
(972) 735-9109

E-Mail:
smccaffity@romclawyers.com

**VIA E-MAIL**

Gary Kirkindoll
Texans CUSO Insurance Group, LLC
5050 Quorum Drive, Suite 500
Dallas, TX 75254

Re:   Engagement to Represent Texans CUSO Insurance Group, LLC In
      connection with Restructuring of Indebtedness

Dear Gary:

Thank you for engaging us to represent Texans CUSO Insurance Group, LLC ("TIG"). We appreciate the confidence you have shown in Rochelle McCullough, LLP ("RM") and we look forward to the opportunity to represent TIG.

We have agreed that RM will represent TIG in connection with the restructuring of its indebtedness and, if necessary, filing and prosecuting a Chapter 11 bankruptcy proceeding (the "Case"). You understand that we do not represent officers, directors, managers, members, partners, employees or other affiliates of TIG without a separate undertaking of such representation. If you want us to represent any other persons or entities, please advise us and we will determine whether we can undertake that additional representation.

It is our practice to specify our engagement arrangements. The purpose of this letter and the enclosed *Additional Terms of Engagement* is to set forth details about the parameters of RM's representation of TIG in connection with the restructuring of its indebtedness and, if necessary, filing and prosecuting a Chapter 11 bankruptcy proceeding.

You have engaged us to assist and advise TIG in fulfilling its duties as a debtor in possession in the Case, including but not limited to:

Advising TIG of its rights, powers and duties as a debtor-in-possession under the Bankruptcy Code; performing all legal services for and on behalf of TIG that may be

EXHIBIT

WWW.ROMCLAWYERS.COM

August 24, 2009
Page - 2

necessary or appropriate in the administration of the Case and TIG's business; advising TIG concerning and assisting in, the negotiation and documentation of financing agreements and debt restructurings; counseling TIG in connection with the formulation, negotiation and consummation of a possible sale of TIG or its assets; reviewing the nature and validity of agreements relating to TIG's interests in real and personal property and advising TIG of its corresponding rights and obligations; advising TIG concerning preference, avoidance, recovery or other actions that it may take to collect and to recover property for the benefit of its estate and its creditors; preparing on behalf of TIG all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in the Case; advising TIG concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in the Case; counseling TIG in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents or other liquidation of its estate; working with and coordinating efforts among other professionals to attempt to preclude any duplication of effort among those professionals and to guide their efforts in the overall framework of TIG's reorganization or liquidation; and working with professionals retained by other parties in interest in the Case to attempt to structure a consensual plan of reorganization, liquidation, or other resolution for TIG.

If this does not accurately reflect your understanding about the scope of legal services we will provide, please let me know. We will perform all services normally and reasonably associated with this type of engagement that are consistent with our ethical and professional obligations. As we proceed with this representation, if you request that we expand the scope of the engagement, this letter will cover that work as well.

We have agreed that RM will represent TIG in the Case. Buzz Rochelle, Scott DeWolf and I will coordinate the legal services for this representation. We will call upon other partners, associates, employees and paralegals whom we believe have the ability to serve you as efficiently and effectively as possible. We will bill at our standard hourly rates. Our rates are subject to change from time-to-time and we agree to obtain your approval before any increase in rates during the time of our engagement with TIG. We look forward to an active, collaborative working relationship with you and we will, of course, keep you informed of significant events in the matter's progress and respond to your questions. While we will exert our best professional efforts in representing you, the Firm cannot guarantee the outcome of any particular legal matter. If, at any time, you have questions, concerns, or criticisms, please contact me at once.

The rates for the attorneys that we anticipate may spend time on this matter are as follows:

| | | |
|---|---|---|
| Michael R. Rochelle | Partner | $550.00 |
| Scott M. DeWolf | Partner | $350.00 |
| Sean J. McCaffity | Partner | $350.00 |
| Julie Dale | Paralegal | $140.00 |

WWW.ROMCLAWYERS.COM

August 24, 2009
Page - 3

RM takes into account many factors in billing for services rendered, and I will review all statements before they are issued to insure that the amount charged is appropriate. Each attorney and legal assistant assigned to this file will keep records of the time expended in this representation, including preparation and review of documents, correspondence, telephone and office conferences, legal research, and other time which, in our professional judgment, must be spent in the performance of our representation. This occasionally may include conferences with various attorneys at RM who have background, knowledge and experience in certain aspects of this representation.

We anticipate that we will incur certain expenses on your behalf, including, for example, charges for photocopying, postage, facsimiles, long-distance telephone calls, travel expenses, delivery charges, and computerized research. We will, of course exercise discretion in incurring these expenses and we will bill you for these expenses on a monthly basis. TIG is responsible for the direct payment of all third-party costs and expenses incurred by RM in connection with this representation, including, without limitation, court reporters, videographers, consultants, experts and investigators.

Except as maybe modified below, TIG will pay to RM a non-contingent, evergreen retainer in the sum of $150,000.00 to be applied against the last payable statement(s) from the RM to TIG hereunder. RM shall deposit and maintain such retainer in the RM IOLTA account. The payment of all fees and expenses for which TIG is obligated hereunder shall be secured by such retainer. Periodically (generally each month) we will deliver our firm's statement reflecting time billed and expenses incurred on TIG's behalf for the preceding month or applicable time period. On submission of the statement, TIG shall make payment to RM for such services and expenses rendered/disbursed even though RM currently holds a retainer. Further, it is expected that prior to the filing of the Case, RM will deliver a statement to TIG reflecting services rendered in contemplation of the Case and that statement will need to be paid prior to the Case being commenced. Should circumstances require an increase in the retainer prior to the termination of the attorney/client relationship created by this letter, any additional sums requested by and paid to RM will be added to and become part of the retainer. For example, the retainer amount required pursuant to the first sentence of this paragraph is based on RM's estimation of services to be rendered in the coming months. Should the fee estimate be too conservative for any reason and services result in higher monthly charges than originally expected, RM could request a supplement to the retainer.

TIG has the right to terminate, in writing, our representation at any time. In the event of termination of this engagement by either party, all fees and expenses incurred on TIG's behalf, whether billed or unbilled, shall (to the extent not already billed, due and payable) be immediately due and payable. RM will apply any remaining deposit against all fees and expenses incurred on TIG's behalf, whether billed or unbilled, and will thereafter account to TIG as to any unused deposit held by RM.

RM recognizes in the event that TIG becomes a debtor in a proceeding under the Bankruptcy Code, the terms of RM's engagement, the timing for the payment of RM's statements and the approval of RM's statements by TIG will be reviewed by the Bankruptcy Court and that certain terms herein may need to be modified in order to comply with the

August 24, 2009
Page - 4

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure. Notwithstanding that fact, the terms of RM's engagement as set forth herein are intended to apply even while TIG is a debtor. To the extent the Bankruptcy Court conditions the employment of RM on a modification of the terms herein, RM reserves the right as between RM and TIG, in its sole discretion, to determine whether such modifications are material. In such event, RM could decline representation of TIG as a debtor under the Bankruptcy Code and seek to terminate the attorney-client relationship.

If you have any questions about any of the above or the *Additional Terms of Engagement*, please call me. If this letter and the *Additional Terms of Engagement* accurately reflect our agreement, please sign the enclosed copy of this letter and return it to me along with the retainer. Thank you again for the opportunity to represent you.

TIG's engagement of RM as its attorneys, as set forth in this letter, is effective as of August 5, 2009.

Very truly yours,

ROCHELLE MCCULLOUGH, LLP

By: _____
Sean J. McCaffity

Accepted and agreed to this 24th day of August, 2009.

**TEXANS CUSO INSURANCE GROUP, LLC,**

By: Texans CUSO Insurance Group, LLC

By: _____
Gary Kirkindoll
~~President~~ Chairman and CEO

ROCHELLE McCULLOUGH LLP

## ADDITIONAL TERMS OF ENGAGEMENT

These are the *Additional Terms of Engagement* referred to in our engagement letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully and retain it for your files. If you have any questions after reading it, please contact us promptly.

**Who Will Provide the Legal Services?**

In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or nonlegal professionals in the firm. For example, we do this in order to involve those with special knowledge or experience in an area and to provide service to you in a timely and efficient manner.

**The Scope of the Representation**

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide. In our engagement letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

**Who Is Our Client?**

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates. For example, unless otherwise specifically stated in our engagement letter, if you are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors,

ADDITIONAL TERMS OF ENGAGEMENT Page 1

ROCHELLE MCCULLOUGH LLP

shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships; if you are a trade association, our representation excludes members of the trade association; if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

**Your Cooperation**

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

**Our Relationships With Others**

Our law firm represents other companies and individuals. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if the other clients consent to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and any other client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this determination, we will consider your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement*.

**Conflicts of Interest**

Increasingly, conflict of interest is a concern for lawyers and their clients today. We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that you sign a conflict waiver before we accept an engagement from you. Occasionally, other clients or prospective clients may ask

ROCHELLE MCCULLOUGH LLP

us to seek a conflict waiver from you so that we can accept an engagement on their behalf. Please do not take such a request to mean that we will represent you less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.

Unfortunately, conflicts sometimes arise or become apparent after work begins on an engagement. When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

Because there is more than one attorney in our firm, we may be asked to represent someone whose interests may be adverse to yours. We are accepting this engagement on the understanding that our representation of you will not preclude us from accepting any other engagement from any existing or new client provided that (i) such engagement is not substantially related to the subject matter of any services we are providing to you and (ii) in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential communications you have made to us.

Rules concerning conflicts of interest vary with the jurisdiction. In order to avoid any uncertainty, our policy is that the Texas Disciplinary Rules of Professional Conduct will be applicable to the representation. Your acceptance of our engagement letter means you agree with that policy, unless the engagement letter specifically states that some other rules of professional responsibility will govern our attorney-client relationship.

**How We Set Our Fees**

The basis for determining our fee for legal services is set forth in the engagement letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation.

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

ADDITIONAL TERMS OF ENGAGEMENT Page 3

ROCHELLE McCULLOUGH LLP

### Charges For Other Expenses And Services

As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. Whenever we incur such charges on your behalf or charge for such ancillary support services, we will bill them to you as part of your monthly invoice. Accordingly, our invoices usually will include amounts, not only for legal services rendered, but also for other expenses and services. Examples include charges for photocopying, postage, facsimiles, long-distance telephone calls, travel and conference expenses, delivery charges, and computerized research. Outside expenses will generally be billed at cost, while some in-house expenses (e.g., copying, telecopying, computer services and in-house research) will include a reasonable allocation of overhead. In appropriate cases, reimbursable expenses will also include overtime charges for secretaries and other staff.

You authorize us to retain third-parties, such as consultants, experts and investigators, as may be necessary to the representation. Although we advance third-party disbursements in reasonable amounts, we will ask you to pay directly larger third-party invoices (usually those over $500). Because we often have ongoing professional relationships with the persons who render such services, we ask that you pay such bills promptly and send us notice of your payment.

We generally make and retain copies of all documents generated or received by us in the course of your representation. Should you request documents from us at the conclusion of our representation of you (other than your original documents), you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

### Billing Arrangements and Terms of Payment

We will bill you as set forth in the engagement letter. You agree to make the fee payments and to pay expenses upon receipt of our invoice.

Should your account become delinquent and satisfactory payment terms are not arranged (or, as set forth in the engagement letter, the Retainer is not replenished timely), as permitted under the rules regulating our profession we will be required to withdraw from the representation. In most cases, and except as prohibited by

ADDITIONAL TERMS OF ENGAGEMENT Page 4

ROCHELLE MCCULLOUGH LLP

---

ethical considerations, if your account becomes more than 60 days delinquent, we will cease representation until we can arrive at a mutually satisfactory arrangement for payment of the delinquent account and the resumption of services.

Payment of our fees and costs is not contingent on the ultimate outcome of our representation.

We look to you, the client, for payment regardless of whether you are insured to cover the particular risk. From time-to-time, we assist clients in pursuing third-parties for recovery of attorneys' fees and other charges resulting from our services. These situations include payments under contracts, statutes or insurance policies. However, it remains your obligation to pay all amounts due to us within 30 days of the date of our statement.

**Termination**

Because our firm has been engaged to provide legal services in connection with the representation in the matter as specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time; in the absence of any specific agreement, these *Additional Terms of Engagement* shall apply to the further or additional representation.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with or without cause, by notifying us in writing. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien. You agree that we will own and retain our own files pertaining to the matter or case, including, for example, firm administrative records, time and expense reports, personnel and staffing materials,

ADDITIONAL TERMS OF ENGAGEMENT Page 5

ROCHELLE McCULLOUGH LLP

credit and accounting records, and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

**Document Retention**

At the conclusion of the representation, we generally return to the client the client's original documents and any other documents that are specifically requested to be returned. As to any original documents so returned, we may elect to keep, at our expense, a copy of the documents in our stored files. Should you request other documents from us at the conclusion of our representation of you, you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

At the close of any matter, we usually send the pertinent parts of our files in that matter to a storage facility for storage at our expense. However, we do not store voluminous papers at our expense. The attorney closing the file will determine what part of the file is sent to storage and how long we will maintain the files in storage. Documents we choose not to store will be returned to you or destroyed.

**Disclaimer**

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that Rochelle McCullough LLP has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

ADDITIONAL TERMS OF ENGAGEMENT Page 6

ROCHELLE McCULLOUGH LLP

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

Under rules of the Texas Supreme Court and the State Bar of Texas, we advise our clients of the contents of the Texas Lawyer's Creed, a copy of which is enclosed. In addition, we advise clients that the State Bar of Texas investigates and prosecutes complaints of professional misconduct against attorneys licensed in Texas. A brochure entitled *Attorney Complaint Information* is available at all of our offices and is likewise available upon request. A client that has any questions about State Bar's disciplinary process should call the Office of the General Counsel of the State Bar of Texas at 1-800-932-1900 toll free.

**Modification Of Our Agreement**

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both Rochelle McCullough LLP and you.

**In Conclusion**

We look forward to a long and mutually satisfying relationship with you. Again, if at any time you have a question or concern, please feel free to bring it to the attention of your principal contact at our firm.

# THE TEXAS LAWYER'S CREED — A Mandate for Professionalism

*The Texas Supreme Court and the Texas Court of Criminal Appeals adopted this Creed, with the requirement that lawyers advise their clients of its contents when undertaking representation.*

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason that it is right.

**I.    OUR LEGAL SYSTEM.** A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism. I am passionately proud of my profession. Therefore, "My word is my bond." I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life. I commit myself to an adequate and effective pro bono program. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed. I will always be conscious of my duty to the judicial system.

**II.    LAWYER TO CLIENT.** A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest. I will advise my client of the contents of this Creed when undertaking representation. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice. I will advise my client that civility and courtesy are expected and are not a sign of weakness. I will advise my client of proper and expected behavior. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct. I

TEXAS LAWYER'S CREED - Page 1

will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party. I will advise my client that we will not pursue tactics which are intended primarily for delay. I will advise my client that we will not pursue any course of action which is without merit. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III. LAWYER TO LAWYER.** A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct. I will be courteous, civil, and prompt in oral and written communications. I will not quarrel over matters of form or style, but I will concentrate on matters of substance. I will identify for other counsel or parties all changes I have made in documents submitted for review. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me. I will not, without good cause, attribute bad motives or

unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party. I will refrain from excessive and abusive discovery. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

IV. **LAWYER AND JUDGE.**
Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility. I will be

**TEXAS LAWYER'S CREED - Page 3**

punctual. I will not engage in any conduct which offends the dignity and decorum of proceedings. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage. I will respect the rulings of the Court. I will give the issues in controversy deliberate, impartial and studied analysis and consideration. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes

TEXAS LAWYER'S CREED - Page 4