Michael R. Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No.24013122
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

*Proposed Counsel to Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXANS CUSO INSURANCE GROUP, LLC, | § | CASE NO. 09-35981-11 |
| | § | |
| Debtor. | § | |

## DEBTOR'S EMERGENCY MOTION FOR ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW,** Texans CUSO Insurance Group, LLC, ("Texans Insurance Group" or the "Debtor") and files this its Emergency Motion for Order Extending Time to File Statements and Schedules (the "Motion") and would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under

28 U.S.C. § 157 (b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTUAL BACKGROUND[1]

### A. The Debtor's Chapter 11 Filing and Business Generally.

2. On September 5, 2009 (the "Petition Date") Texans Insurance Group commenced its case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By virtue of the provisions of the Bankruptcy Code, as a debtor in possession, the Debtor has the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtor is serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

3. Texans Insurance Group is one of the largest independent insurance agencies in the United States. Texans Insurance Group specializes in providing property and casualty insurance, employee benefits, and risk management services to small and large commercial businesses located throughout the United States.

4. Texans Insurance Group represents prestigious nationally recognized insurance carriers, including, Aegis, AIG, America First, Chubb, Drive by Progressive, Encompass, Fireman's Fund, Foremost, The Hartford, National Lloyds, MetLife, Republic, Safeco, and St. Paul Travelers.

---

[1] The Herter Declaration contains a more extensive statement of background facts (including a detailed account of the various financial difficulties that led to the filing of this Chapter 11 case), and provides support for the factual matters discussed herein.

5. Texans Insurance Group has over forty employees. In addition, through two divisions—Heartland Marketing Group ("HMG") and Heartland Specialty Insurance ("HSI")—Texans Insurance Group has an extensive network of over eight hundred independent agents that write policies utilizing Texans Insurance Group's direct appointments through "agent" or "producer" agreements with HMG or HSI.

**B. Factors Leading to Chapter 11 Filing**

**1. Soft Insurance Market**

6. Texans Insurance Group has been directly and adversely affected by the general economic downturn.

7. Most insurance experts agree that the insurance industry is currently in a "soft market." A "soft market" is characterized as a market in which insurance companies are likely to offer coverage improvements and/or reduced premiums in order to write new business and maintain existing business.

8. The current "soft market" has been prolonged due to the recession. This is true because as companies downsize, the demand for insurance declines because there is less to insure.

9. Texans Insurance Group's financial results are directly tied to premium dollars generated. The decline in premiums combined with the overall decline in demand for insurance due to the recession has directly and adversely effected Texans Insurance Group's financial performance.

10. Further, Texans Insurance Group has been acutely affected as a result of the dramatic downturn in one of its former specialty areas—the construction industry. Several of Texans Insurance Group's construction clients have gone out of business. At a

risk of stating the obvious, the complete loss of a client, or group of clients, has an acute adverse effect on Texans Insurance Group's financial results.

11. While Texans Insurance Group has taken positive steps to realign its customer and product mix to adjust to the prolonged "soft market" and recession, these actions alone have been insufficient to remedy the problems.

### 2. Texans Insurance Group's Litigation Arising From the ARAPA

12. The soft insurance market and prolonged recession have not been the only problems facing Texans Insurance Group.

13. In January 2007, Texans Insurance Group entered into a certain Amended and Restated Asset Sale and Purchase Agreement (the "ARAPA") in which it purchased the assets of the Curley Insurance Group, LLC and related entities from their owner Kevin Curley (collectively the "Curley Insurance Group").

14. At the time of its entry into the ARAPA, Texans Insurance Group believed it was purchasing an enterprise with viable circumstances and prospects. Accordingly, Texans Insurance Group based its purchase price on the representations of the sellers regarding the business it was purchasing.

15. Unfortunately, the circumstances and prospects have not, in fact, been as valuable or stable as represented to Texans Insurance Group in the ARAPA.

16. Moreover, Texans Insurance Group's purchase of the Curley Insurance Group has spawned extensive litigation in multiple forums. This litigation has been a significant drain and distraction to Texans Insurance Group's operations.

17. The litigation is still on-going and far from being resolved.

18. Therefore, in order to preserve its going concern value and maximize value for its creditors, Texans Insurance Group has filed its Chapter 11 case to preserve its business, enhance its value, and finalize its restructuring efforts.

## III.
## RELIEF REQUESTED

19. The Debtor requests an extension, until October 5, 2009, to file its statements and schedules. The filing of this case has been precipitated by events which have not allowed the Debtor the opportunity to compile the detailed information necessary for the statements and schedules. The original deadline for filing the statements and schedules is September 21, 2009. Granting the extension will not prejudice any party in interest because it is expected that the 341 meeting will occur after the extension requested herein. Thus, the administration of this case will not be delayed by permitting the Debtor to have additional time to file these important documents.

20. Based upon the foregoing, the Debtor believes that adequate "cause" exists pursuant to Bankruptcy Rule 1007(c) to grant an extension for the Debtor to file its statements and schedules until October 5, 2009.

21. The Debtor also requests an extension of time until 5:00 p.m. (Dallas Time) October 5, 2009, to file finalized lists of entities to be included upon Schedules D, E, F, G and H. Bankruptcy Rule 1007(a)(1) requires these to be filed with the petition. However, Bankruptcy Rule 1007(a)(5) allows this time period to be extended "for cause."

22. The Debtor currently has lists of vendors and other creditors, which may be secured creditors (Schedule D), unsecured non-priority creditors (Schedule F), and executory contract counter-parties (Schedule G). However, these lists may be incomplete. These lists are not complete because the filing of the case has been

precipitated by events which have not allowed the Debtor the opportunity to compile the detailed information necessary for the statements and schedules. Thus, adequate cause exists for granting an extension of the time period for filing a final version of these lists.

23. The Debtor shall update the list and cause parties in interest to be served with notices of commencement of the cases as such parties become known. The Debtor proposes filing the most current copy of the lists required by Bankruptcy Rule 1007 with the Court on a weekly basis between the Petition Date and October 5, 2009.

**WHEREFORE, PREMISES CONSIDERED,** the Debtors request this Court enter the attached order and grant such other and further relief as the Court may deem just and proper. A proposed order is attached hereto as Exhibit A.[2]

Respectfully submitted,

/s/Scott M. DeWolf
Michael R. Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
Sean J. McCaffity
State Bar No. 24013122
Rochelle McCullough LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

Proposed Counsel for the Debtor

---

[2] Counsel is preparing binders with the First Day Pleadings for the U.S. Trustee's Office to review. After such review, counsel will file an omnibus certificate of conference regarding any relief that is opposed or consented to by the U.S. Trustee.