

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed January 11, 2010**                                                              **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXANS CUSO INSURANCE GROUP, LLC, | § | CASE NO. 09-35981-BJH-11 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Debtor's Purchase of Curley Insurance Group, LLC from Kevin Curley and the Ensuing Litigation**

On January 3, 2007, Kevin Curley ("Curley") sold the assets of Curley Insurance Group, LLC ("CIG") to Texans CUSO Insurance Group, LLC (the "Debtor" or "Texans") and Texans CUSO Partners, LLC[1] under the Amended and Restated Asset Sale and Purchase Agreement ("ARAPA").

---
[1] Texans CUSO Partners, LLC, is an affiliate entity of the Debtor.

**Memorandum Opinion and Order**

Pursuant to the ARAPA, the Debtor assumed the operations of CIG, with Curley to manage and direct those operations during a three-year period (January 1, 2007 to December 31, 2009) specified in the ARAPA and in a separate employment agreement (the "Employment Agreement") between the Debtor and Curley (the "Employment Term"). Pursuant to the Employment Agreement, the Debtor could only terminate Curley's employment during the Employment Term for "reasonable or justifiable cause," which was defined to include conduct such as acts of willful or gross negligence or commission of a felony. (Bickel Aff. in Supp. of Curley's Mot. for Partial Summ. J. ("Bickel Aff.") Ex. 1, at 6 § 9(c); (i)-(v)). As discussed in more detail below, the Employment Agreement also provided that disputes over whether or not cause existed for Curley's termination would be submitted to binding arbitration, and that any party who breached the Employment Agreement would be liable for attorneys' fees and expenses incurred to enforce the Employment Agreement or to seek damages for its violation. *Id.* at 7, §§ 9; 10(h).

On April 27, 2007, less than four months into the first year of operations under these agreements, the Debtor terminated Curley's employment. Curley disputed the appropriateness of his termination. Pursuant to the Employment Agreement, the parties entered into binding arbitration on the issue of "reasonable or justifiable cause" to terminate Curley (the "Employment Arbitration"), and the arbitrator, Judge Susan Soussan (the "Arbitrator") returned an award on July 8, 2008, finding that Curley had been terminated without cause and was therefore entitled to reinstatement with back pay and benefits (the "Employment Arbitration Award"). Curley filed, but later withdrew, a Request

for Modification of the Employment Arbitration Award to include a recovery of the attorneys' fees[2] he had incurred in connection with the Employment Arbitration.

On August 4, 2008, Curley filed suit in state district court to confirm the arbitration award and to recover the attorneys' fees he had incurred in connection with the Employment Arbitration (the "State Court Action"). On April 15, 2009, Curley filed a Motion for Partial Summary Judgment in the State Court Action with respect to the attorneys' fees issue, to which the Debtor responded with its own Cross-Motion for Partial Summary Judgment, asserting that Curley's entitlement to attorneys' fees had been finally determined and denied in the Employment Arbitration. Curley filed a Response to the Debtor's Cross-Motion for Partial Summary Judgment on June 1, 2009. Summary judgment evidence in the form of affidavits and exhibits accompanied all three pleadings. The parties were set for trial in the State Court Action on Curley's claims in relation to the Employment Agreement and the ARAPA on November 9, 2009.

### B.     Debtor's Chapter 11 Petition and Motion to Estimate Claims

On September 5, 2009, the Debtor filed a voluntary petition under Chapter 11 in this Court, which stayed the State Court Action. At a hearing held on November 11, 2009, the Court granted the Debtor's motion to estimate the amount of Curley's claims under 11 U.S.C. § 502(c). A hearing has been set on the motion to estimate for January 14-15, 2010 (the "Estimation Hearing"). Pursuant to the estimation procedures ultimately agreed upon by the parties, the parties have consented to have this Court rule on the Cross-Motions for Partial Summary Judgment on the issue of Curley's

---

[2]  Although it appears that Curley's descriptions of the relief sought in various pleadings in the Employment Arbitration did not consistently include both attorneys' fees and expenses incurred, a fair reading of these requests and Section 10(h) of the Employment Agreement show an intent to seek both, as does Curley's Motion for Partial Summary Judgment discussed below. For the sake of convenience, any references in this Opinion to Curley's request for a recovery of attorneys' fees will also include the expenses he incurred in the Employment Arbitration.

**Memorandum Opinion and Order**                                                                                                     3

entitlement to attorneys' fees under the Employment Agreement, and have provided this Court with the summary judgment record from the State Court Action by joint submission.

## II. THE EMPLOYMENT ARBITRATION AND CURLEY'S CLAIMS FOR ATTORNEYS' FEES

### A. The Arbitration and Attorneys' Fees Clauses of the Employment Agreement

Section 9 of the Employment Agreement provides in relevant part:

> If Employee [Curley] objects to the basis for termination of this Agreement [the Employment Agreement] for cause as set for in either (i) - (v) [herein], the matter shall be submitted to binding arbitration before a single arbitrator (the "Arbitrator") ... pursuant to the Commercial Arbitration Rules of the American Arbitration Association. ... In the event that the Arbitrator rules in favor of [Curley], then [Curley] will be entitled to return to his employment with the Company [the Debtor] and be entitled to recover back pay and benefits.

Employment Agreement, at 6 § 9.

Section 10(h) of the Employment Agreement, entitled "Attorney's Fees," provides that "[a]ny party who fails to perform any covenants of this Agreement shall pay to the other parties the amount of all attorneys' fees and expenses it or they shall have sustained or incurred in enforcing this Agreement or seeking damages for its violation." *Id.*, at 9 § 10(h).

### B. Curley's Claims for Attorneys' Fees in the Employment Arbitration

In his Demand for Arbitration filed with the American Arbitration Association (the "AAA"), Curley expressly listed a recovery of attorneys' fees as part of the relief he sought in the Employment Arbitration, and he repeated this request in his Statement of Claims. (Luxen Aff. in Supp. of Debtor's Cross-Mot. for Partial Summ. J. ("Luxen Aff.") Ex. 1, at 1; Ex. 3, at 15). Curley argues here, however, that during the Employment Arbitration proceedings, the parties agreed to take up the issue of attorneys' fees after the Arbitrator determined whether there was cause to terminate

him. Curley's argument here is supported by a review of the transcript of the arbitration proceeding, which reflects such an announcement by Curley's counsel. (*See, e.g.*, Debtor's Cross-Mot. for Partial Summ. J., at 5; Luxen Aff. Ex. 12 ("Hearing Excerpt"), at 3).

Moreover, as part of the arbitration process, the parties agreed to file post-hearing briefs and responses. In an e-mail dated March 27, 2008, the Debtor informed Curley that the Debtor would not agree to any requirement that the Arbitrator issue a preliminary opinion, instead stating that "[t]here will be adequate time for the parties to submit attorneys fee requests after the decision is rendered." (Bickel Aff. Ex. 6 ("Luxen March 27 E-mail")). Although Curley made no mention of attorneys' fees in his Post-Hearing Brief, in his Post-Hearing Response Brief filed May 12, 2008, Curley again requested that "attorneys' fees . . . be determined at a later time." (Bickel Aff. Ex. 7, at 29; Luxen Aff. Ex. 4, at 29).

The AAA declared the Employment Arbitration hearings closed on May 28, 2008, and the Arbitrator then issued her Final Award on July 8, 2008. (Luxen Aff. Ex. 5; Luxen Aff. Ex. 6 ("Final Award"), at 14). In the Final Award, the Arbitrator found that Curley had been terminated without cause, and ordered that Curley be reinstated with back pay and benefits, plus pre- and post-judgment interest. (Final Award, at 14). The Arbitrator further ordered that "[a]ll other relief requested is hereby **DENIED**." *Id.* (capitalization and bold in original).

In a letter dated July 10, 2008, Curley asked the Debtor to join in a request that the AAA not dismiss the Arbitrator in the event that the parties could not agree on attorneys' fees. (Bickel Aff. Ex. 9, at 2). Debtor's counsel replied by e-mail the same day that Section 9 of the Employment Agreement expressly limited the Arbitrator's authority to the remedy of reinstatement, back pay, and benefits, and that, therefore, the Debtor would not consent to extend the Arbitrator's authority

**Memorandum Opinion and Order** 5

to consider attorneys' fees, which were governed by a separate provision of the Employment Agreement. (Bickel Aff. Ex. 10 ("Luxen July 10 E-mail")). In the e-mail, the Debtor also pointed out that the arbitration record had been closed, and that the Final Award denied all other relief requested. *Id.*

According to the affidavit of John Bickel, Curley's counsel, during a July 11, 2008 conference call among Curley's counsel, Debtor's counsel, the Arbitrator, and AAA's case administrator,

> [t]he Arbitrator confirmed her understanding that an award of attorneys' fees was outside the scope of her authority to award in the [Employment] Arbitration and, therefor, she did not consider an award of attorneys' fees to [Curley], the prevailing party. In addition, the Arbitrator expressly acknowledged that the issue of attorneys' fees had not been submitted to the Arbitrator during the March 2008 hearing."

(Bickel Aff., at ¶ 15).

On July 17, 2008 Curley filed a Request for Modification of Award with the AAA to amend the Final Award to allow for attorneys' fees, either by agreement or as determined by the Arbitrator in further proceedings. (Luxen Aff. Ex. 9). In the Request for Modification, Curley argued that the Arbitrator had authority under both the AAA Commercial Arbitration Rules and the Employment Agreement to consider and award attorneys' fees. *Id.* at 2-3. The Debtor filed a Response on July 28, 2008, arguing that the AAA Commercial Arbitration Rules would not allow modification after entry of a final award beyond correction of clerical, computational, or typographical error. (Luxen Aff. Ex. 10 ("Response to Request for Modification")). On July 29, 2008, Curley withdrew the Request for Modification (Luxen Aff. Ex.11), apparently deciding to seek to recover his attorneys' fees and expenses as part of the State Court Action.

### III. CONTENTIONS OF THE PARTIES HERE

The Debtor now asserts that because: (i) Curley requested attorneys' fees in the Employment Arbitration and (ii) the Arbitrator had authority to award attorneys' fees in the Final Award but did not do so,[3] claim preclusion bars Curley from seeking this relief. (Debtor's Cross-Motion, at 9-12). The Debtor further argues that Curley waived any right to argue that the Arbitrator lacked the authority to consider attorneys' fees by requesting a recovery of attorneys' fees in the Employment Arbitration. *Id.* Lastly, the Debtor contends that it is entitled to summary judgment on the issue of attorneys' fees because the Court must indulge every reasonable presumption in favor of upholding an arbitration award.

In response, Curley first contends that claim preclusion does not apply because the issue of attorneys' fees was not, and could not have been, litigated in the Employment Arbitration. Further, Curley argues that because the Debtor never expressly consented to having the issue of attorneys' fees tried in the Employment Arbitration, the Arbitrator lacked jurisdiction over the issue. Lastly, Curley asserts that judicial estoppel prevents the Debtor from arguing that the issue of attorneys' fees was properly considered and disposed of in the Employment Arbitration.

## IV. LEGAL ANALYSIS

### A. Summary Judgment Standard

In deciding a motion for summary judgment, a court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[4] In deciding whether a fact issue has been raised,

---

[3] If it seems like the parties' contentions here are the reverse of the positions that they took in connection with the Employment Arbitration, that is because the parties have essentially switched sides on the issues here.

[4] Federal Rule of Civil Procedure 56 is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.

the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). A court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue of material fact exists for trial. *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001) ("the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.") (citing *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 135 (2000)); *see also U.S. v. An Article of Food Consisting of 345/50 Pounds Bags*, 622 F.2d 768, 773 (5th Cir. 1980) (holding district court erred in "discounting evidentiary value." When determining whether a genuine issue of any material fact exists, the court "should not proceed to assess the probative value of any of the evidence . . . ."). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pylant v. Hartford Life and Acc. Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

B. **APPLYING THIS STANDARD HERE**

Based upon the summary judgment record, the relevant facts are not in dispute. Rather, the parties disagree on the legal effect of the Final Award on Curley's request for a recovery of attorneys' fees, to which we now turn.

1. ***Res Judicata***

Because an arbitration award has the preclusive effect of a judgment in a court of last resort, principles of *res judicata* [5] will bar Curley's claims for attorneys' fees here if the issue of attorneys'

---

[5] The elements of res judicata are: (i) a prior final judgment on the merits by a court of competent jurisdiction; (ii) identity of parties or those in privity with them; and (iii) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

fees was finally decided, or with due diligence could have been litigated, in the Employment Arbitration. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 269-70 (Tex. App. 2003) (citing *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex.2001)); *see also III Forks Real Estate, Ltd. P'Ship v. Cohen*, 228 S.W.3d 810, 818 (Tex. App. 2007) ("known and arbitrable" fraud claims that could have been raised in arbitration were barred by *res judicata*). An arbitrator's jurisdiction to decide controversies is defined both by the contract containing the arbitration clause and by the issues actually submitted to arbitration, since parties may go beyond their original agreement and submit disputes for resolution that they were not contractually compelled to arbitrate. *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1323 (5th Cir.1994). Thus, to determine if Curley's claim for attorneys' fees is barred, the Court must examine whether the Employment Agreement granted the Arbitrator the authority to award attorneys' fees, or if the parties actually submitted the issue of attorneys' fees to the Arbitrator by agreement.

        **a.**        **The Arbitrator's Authority Under the Employment Agreement**

When deciding whether parties agreed to arbitrate a certain matter, courts generally apply ordinary state-law principles that govern the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, the Employment Agreement specifies that its terms will be governed by and construed under Texas law. (Employment Agreement, § 10(j)). Under Texas law, arbitration terms must be construed in context, and the intent of the parties must be ascertained by giving the contractual language its plain grammatical meaning. *Leander Cut Stone Co. v. Brazos Masonry, Inc.*, 987 S.W.2d 638, 640 (Tex. App. 1999). While doubts as to the scope of an agreement to arbitrate must be resolved in favor of arbitration, this presumption is less applicable to narrowly drawn arbitration provisions than to broad provisions such as those that purport to cover all claims

**Memorandum Opinion and Order**                                                                                                                **9**

or disputes relating to the contract or its breach. *The Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 230 (Tex. App. 1993) (citing *Container Prods., Inc. v. United Steelworkers of Am. and Its Local 5651*, 873 F.2d 818, 819-20 (5th Cir.1989)). An arbitration award that determines a narrowly defined issue in dispute between the parties does not preclude later determination of attorneys' fees requests by a court of competent jurisdiction. *See Schlobohm v. Pepperidge Farms, Inc.*, 806 F.2d 578, 581 (5th Cir. 1987).

Here, as quoted above, the plain language of the Employment Agreement narrowly defines the scope of arbitration to include only the issue of "reasonable or justifiable cause" for Curley's termination, as the Arbitrator noted in the Final Award. ((Employment Agreement, § 9; Final Award, § I.D) ("The sole issue presented to the Arbitrator in this matter is whether [the Debtor] terminated [Curley] for "reasonable or justifiable cause.") (internal quotation marks omitted)). The arbitration provision of the Employment Agreement goes on to specify the remedy for a wrongful termination – *i.e.*, reinstatement, back pay, and benefits. (Employment Agreement, § 9). Again, the Arbitrator tracked these very terms in the Final Award, along with her award of pre- and post-judgment interest as provided for in the AAA Commercial Rules of Arbitration. (Final Award, § III; Curley's Pet. and Application to Confirm Arbitration Award Ex. C ("AAA Commercial Rules of Arbitration"), at 18 Rule 43(d)(i)).

In contrast, the entirely separate provision of the Employment Agreement that governs a recovery of attorneys' fees applies to a failure by either party "to perform any covenants of [the Employment Agreement]" as a whole. (Employment Agreement, § 10(h)). Further, the Employment Agreement contains a mediation clause, which provides that "[i]In the event that *any dispute* shall arise under the Agreement, the parties agree to participate in good faith mediation in

**Memorandum Opinion and Order** 10

an effort to resolve the dispute." (Employment Agreement, § 10(i) (emphasis added)). When read together, the plain language of these provisions evidences the parties' intent to limit the scope of arbitration to only the issue and remedies specified in Section 9 of the Employment Agreement.

Curley has also presented undisputed summary judgment evidence that the Arbitrator herself determined that the Employment Agreement did not authorize her to consider an award of attorneys' fees in the Employment Arbitration, as discussed in the post-arbitration conference call on July 11, 2008.[6] (Bickel Aff. ¶ 15). The AAA's Commercial Arbitration Rules provide that the Arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (AAA Commercial Rules of Arbitration, at 10 Rule R-7 (Jurisdiction)).

Although the Fifth Circuit has not expressly ruled on the level of deference to be accorded to an arbitrator's ruling on her own jurisdiction, *Executone*, 26 F.3d at 1322 n.1, the Debtor has not challenged the Arbitrator's authority to rule on the scope of the arbitration agreement here. Instead, the Debtor first asserts that Rules 43(b) and (d) of the Commercial Rules of Arbitration empowered the Arbitrator to rule on the issue of attorney's fees. (Debtor's Cross-Motion for Partial Summ. J., at 11). Rule 43(b), however, relates only to assessment and apportionment of fees and expenses in interim, interlocutory, or partial awards, and is thus inapplicable here, while Rule 43(d)(ii) allows for an award of attorneys' fees only if "all parties have requested such an award or it is authorized by

---

[6] As presented, this portion of the affidavit of John Bickel II appears to be hearsay. Under Rule 56(e) of the Federal Rules of Civil Procedure, affidavits in support of a motion for summary judgment must contain facts that are admissible in evidence. FED. R. CIV. PRO. 56(e). Affidavits that do not comply with Rule 56(e) are subject to timely motions to strike, but if no timely motion to strike is made, the objection is waived and the court may consider the affidavit. *See, e.g., Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987). The Debtor did not object to the Bickel affidavit or move to strike any of Bickel's testimony. Accordingly, the Court may consider it.

**Memorandum Opinion and Order** 11

law or their arbitration agreement."[7] (AAA Commercial Rules of Arbitration, at 18 Rule 43(b);(d)(ii)). The Debtor did not request an award or consideration of attorneys' fees in the Employment Arbitration; rather, the Debtor remained silent when Curley's counsel informed the Arbitrator that the parties had agreed to take up the issue of attorneys' fees after a ruling on whether there was "cause" to terminate Curley. (*See* Hearing Excerpt, at 3). In fact, the summary judgment record shows that as late as July 10, 2008, two days after the issuance of the Final Award, the Debtor still took the position that Section 9 of the Employment Agreement precluded the Arbitrator from deciding Curley's request for attorneys' fees. (Luxen July 10 E-mail).

The Debtor next argues that an arbitrator may deny attorneys' fees, even if the agreement to arbitrate expressly provides for their award, citing *Kosty v. South Shore Harbour Community Assoc.*, 226 S.W.3d 459, 465 (Tex. App. 2006). (Debtor's Cross-Motion, at 11). However, in *Kosty*, central to the court's decision was the fact that the arbitration provision at issue was exceedingly broad, thus granting the arbitrator express authority to award or deny attorneys' fees. *Kosty*, 226 S.W.3d at 465 ("An arbitration agreement that provides that "any' controversy between the parties will be arbitrated, by its plain language, covers *any* controversy.") (emphasis in original). As discussed above, the arbitration provision at issue here narrowly defines the scope of arbitration to the issue of "cause" only, and thus *Kosty* is distinguishable.

Because the plain language of the arbitration provision of the Employment Agreement narrowly defines the scope of arbitration to the issue of "cause" and limits the remedies available to

---

[7] In contrast, Rule 43(d)(i), which provides for an award of interest as the arbitrator may deem appropriate, is not so limited. AAA Commercial Arbitration Rules, 43(d)(i). Thus, the Arbitrator clearly had the authority to grant pre- and post-judgment interest in the Final Award.

**Memorandum Opinion and Order** 12

the Arbitrator, this Court concludes that the Arbitrator did not have authority under the express terms of the Employment Agreement to consider or award attorneys' fees.

### b. The Scope of Submissions to the Arbitrator

The only other way *res judicata* may apply to bar Curley's attorneys' fee claim here is if the parties authorized the Arbitrator to decide this issue, notwithstanding the limited scope of the arbitration provision in the Employment Agreement. So, the question becomes, did the parties agree to submit additional issues – here, the attorneys' fee issue – to the Arbitrator? To decide this question, the Court must examine the scope of the parties' actual submissions to the Arbitrator. *See Executone*, 26 F.3d at 1323. Specifically with regard to attorneys' fees, the submissions must evidence the unified intent of the parties to authorize the arbitrator to decide the issue, such as where both parties expressly sought attorneys' fees in the arbitration. *Kosty*, 226 S.W.3d at 465; *Thomas v. Prudential Secs., Inc.*, 921 S.W.2d 847, 851 (Tex. App. 1996); *Monday v. Cox*, 881 S.W.2d 381, 385 (Tex. App. 1994); *see also Prudential-Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 243 (1st Cir.1995). Further, while arbitrators are not generally required to provide a rationale for their decisions, *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1220 n.4 (5th Cir.1990), the arbitrator's own statements may indicate whether an issue was submitted for determination. *See Kosty*, 226 S.W.3d at 465 (arbitrator's statements showing he had considered and rejected requests for attorneys' fees evidenced that issue had been submitted for arbitration).

Here, the summary judgment evidence offered by both parties demonstrates that the parties never agreed to have the attorneys' fees issue determined by the Arbitrator. While Curley requested a recovery of attorneys' fees in his filed pleadings, he never attempted to "prove up" the amount of attorneys' fees he sought during the Employment Arbitration. In part, this is because Curley's

counsel believed that the parties had agreed to bifurcate the attorneys' fee issue and have it decided after the Arbitrator's determination of "reasonable and justifiable cause" for Curley's termination. (Hearing Excerpt, at 3) ("In terms of attorney's fees, Your Honor, the parties have agreed that we would proceed with the attorney's fees after your determination of the liability finding."). However, e-mails between the parties' counsel show repeated refusals by the Debtor to put the attorneys' fee issue to the Arbitrator during the Employment Arbitration. (Luxen March 27 E-mail) ("There will be adequate time for the parties to submit attorneys fee requests after the decision is rendered." ); (Luxen July 10 E-mail) ("[The Debtor"] does not agree to extend [the Arbitrator's] authority to decide the attorneys' fee claim in this case."). Finally, the statements of the Arbitrator, both to counsel and in the Final Award, establish that the Arbitrator did not consider the attorneys' fee issue. (Bickel Aff., ¶ 15 ("In addition, the Arbitrator expressly acknowledged that the issue of attorneys' fees had not been submitted to the Arbitrator during the March 2008 hearing."); Final Award, § I.D) ("The sole issue presented to the Arbitrator in this matter is whether [the Debtor] terminated [Curley] for "reasonable or justifiable cause.") (internal quotation marks omitted).

Because the summary judgment evidence does not show (i) a unified intent of the parties to submit the issue of attorneys' fees to the Arbitrator for decision, or (ii) actual consideration of that issue by the Arbitrator, the Court concludes that the issue of attorneys' fees was not submitted to, or determined by, the Arbitrator in the Employment Arbitration.

In sum, since the issue of attorneys' fees was not properly before the Arbitrator either (i) under the express terms of the arbitration provision of the Employment Agreement or (ii) by agreement of the parties, *res judicata* does not bar Curley's claim for attorneys' fees.

### 2. Waiver and Presumptions in Favor of Arbitration Award

The Debtor next contends that Curley waived any argument that the Arbitrator lacked jurisdiction to consider attorneys' fees by failing to object to the Arbitrator's jurisdiction in the Employment Arbitration, citing *Brook v. Peak International, Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002) and *Marino v. Writers Guild of America East, Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993) for the proposition that "a party may not sit idle through an arbitration procedure and then collaterally attack the procedure on grounds not raised before the arbitrators when the result turns out to be adverse." The Court disagrees with the Debtor for several reasons, as explained more fully below.

First, this argument is premised on the assumption that the Arbitrator did, in fact, have jurisdiction over the issue of attorneys' fees, which the Court has already concluded is incorrect. *See supra* at Section III.B.1. Second, waiver in this context can only apply to issues that were subject to the underlying arbitration. *See Pike v. Freeman*, 266 F.3d 78, 90 (2nd Cur, 2001) (indemnification claims that were not premised on agreement subject to arbitration were not waived). And, since the attorneys' fee issue was beyond the scope of the arbitration provision in the Employment Agreement, and the parties did not agree to expand the scope of the arbitration beyond that provided for in the Employment Agreement, there can be no waiver. Finally, Curley's claim for attorneys' fees here is not a "collateral attack" on the Employment Arbitration or the Final Award, since Curley's attorneys' fee claim is premised upon the validity of the award – *i.e.*, his wrongful termination by the Debtor. *See id.* (indemnification claim arising from liability determined in arbitration award was not collateral attack because indemnification premised on award).

Similarly, although the Debtor is correct that every reasonable presumption must be indulged to uphold the Arbitrator's decision, *see Bailey & Williams v. Westfall*, 727 S.W.2d, 86, 90 (Tex. App. 1987), this proposition does not act to bar Curley's attorneys' fee claim here. In its Cross-Motion

the Debtor asserts, without evidentiary or record support, that it is reasonable to presume that the Arbitrator simply decided that attorneys' fees would not be awarded to Curley in the Employment Arbitration. (*See* Debtor's Cross-Motion, at 12). However, in sharp contrast, Curley has presented unrebutted evidence that the Arbitrator did not award Curley attorneys' fees in the Employment Arbitration because (i) she determined that the issue of attorney's fees was outside the scope of her authority, and (ii) the attorneys' fee issue was not actually submitted to her. (Bickel Aff., ¶ 15). Because the attorneys' fee issue was not properly before the Arbitrator, or decided by her by agreement of the parties, this Court's consideration of it does not affect the validity of, or result in a modification of, the Final Award.

Given these conclusions, Curley is entitled to have his Motion for Partial Summary Judgment granted and the Court is not required to address Curley's argument that the Debtor should be judicially estopped from claiming that the Arbitrator had jurisdiction over the attorneys' fee issue. However, to facilitate appellate review of this Memorandum Opinion and Order, the Court will provide its analysis of the judicial estoppel issue, to which we now turn.

### 3. Judicial Estoppel

In response to the Debtor's waiver arguments again him, Curley argues that judicial estoppel bars the Debtor from now claiming that the Arbitrator had jurisdiction over the attorneys' fee issue because the Debtor maintained the opposite position during the Employment Arbitration. Curley Resp., at 21. The Court rejects this argument for the reasons explained below.

"Judicial estoppel is an equitable doctrine that prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (internal quotation

**Memorandum Opinion and Order** 16

marks and citations omitted). As an equitable doctrine, the application of judicial estoppel is within the court's discretion. *Id*. Before the doctrine applies, the Fifth Circuit requires that at least two elements be met: (i) the party's current position must be clearly inconsistent with its previous one, and (ii) the previous court must have accepted the party's earlier position. *Hopkins v. Cornerstone America*, 545 F.3d 338, 347 (5th Cir. 2008). The second element requires evidence that the previous court expressly accepted and relied upon the party's first position. *Id*. at 348 n.2; *see also In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir.2004).

      Curley has failed to demonstrate either element here. With regard to the first element, Curley has not shown that the Debtor asserted a clearly inconsistent position on the issue of attorneys' fees *in the Employment Arbitration* from the position it asserts here. This is because a careful review of the summary judgment evidence shows that the Debtor took conspicuous care to avoid stating its position on the issue to the Arbitrator until *after* the Final Award was issued, while assuring Curley privately that the attorneys' fee issue would be taken up at a later time. (*Compare* Luxen March 27 E-mail ("I have also deleted the section which requires the Arbitrator to give some type of preliminary opinion. We do not agree to impose some timetable on the Arbitrator. There will be adequate time for the parties to submit attorneys fees [sic] requests after the decision is rendered.") to Response to Request for Modification, at 4 ("On May 30, 2008, Claimant [Curley] was notified that the hearings were declared closed as of May 28, 2008. If Claimant [Curley] had intended to preserve his claim for attorneys' fees he should have moved at that time, or at any time before the Final Award was issued ... to have the hearings reopened, and /or requested issuance of an interim, interlocutory or partial award.")). The only position that the Debtor affirmatively took in the Employment Arbitration regarding the Arbitrator's jurisdiction to decide the attorneys' fee issue was

**Memorandum Opinion and Order**                                                                               17

taken in a pleading filed after the Final Award was issued (and in response to Curley's request for a modification of that award), which position was that the Arbitrator had authority to consider and award attorneys' fees–the same position that the Debtor adopts here. (*See* Response to Curley's Request for Modification, at 3; Debtor's Cross-Motion, at 9-10). From the summary judgment record, it appears that the only time the Debtor adopted the contrary position, that the Arbitrator lacked jurisdiction, was in its July 10, 2008 e-mail to Curley. (Luxen July 10 E-mail) ("[The Debtor] does not agree to extend [the Arbitrator's] authority to decide the attorneys' fee claim in this case. Section 9 of the Employment Agreement limits her authority to order reinstatement and back pay and benefits. The attorneys' fee provision in the Employment Agreement is separate from the arbitration provision."). But, this communication was only between the Debtor and Curley and, as such, cannot form the basis of a judicial estoppel claim.

Moreover, because the Debtor never took a formal position on the issue of the Arbitrator's jurisdiction to decide the attorneys' fee claim prior to the issuance of the Final Award, Curley cannot demonstrate that the Arbitrator actually relied upon and accepted such a position in issuing the Final Award.

## V. CONCLUSION

The Debtor does not dispute that Curley was the prevailing party in the Employment Arbitration or that Section 10(h) of the Employment Agreement provides for a recovery of attorneys' fees and expenses incurred to enforce the Employment Agreement. Further, the Debtor has failed to establish that: (i) *res judicata* or any requisite presumptions in favor of arbitration awards bar Curley's claim for attorneys' fees here; or (ii) Curley's claim for attorneys' fees was waived. As a result, Curley is entitled to recover the attorneys' fees and expenses he incurred in the Employment

Arbitration. Accordingly, Curley's Motion for Partial Summary Judgment shall be granted, and the Debtor's Cross-Motion for Partial Summary Judgment shall be denied, with the amount of Curley's attorneys' fees and expenses to be determined as part of the Estimation Hearing.

**SO ORDERED**.